IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Xiao Dan Koshar,<br><br>        Plaintiff,<br><br>v.<br><br>Raytheon Company, et al.,<br><br>        Defendants. | No. CV-20-00119-TUC-JGZ<br><br>**ORDER** |

Plaintiff filed a Complaint and Application for Leave to Proceed In Forma Pauperis (IFP) in March 2020. The Court dismissed both without prejudice based on its conclusions that Plaintiff had failed to state a claim and that Plaintiff's IFP application was incomplete. (Doc. 9.) On June 19, 2020, Plaintiff filed an Amended Complaint,[1] as well as a second IFP application, which includes the information the Court highlighted as missing in the Court's Order dismissing the application without prejudice.

As previously stated, the Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that she "is unable to pay such fees[.]" 28 U.S.C. §1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Although a plaintiff need not be destitute to obtain benefits under the IFP statute, a plaintiff seeking IFP status must

---

[1] Plaintiff includes her husband as a party in the Amended Complaint, but as explained in this Order, does not provide any factual basis to support a claim for any relief inuring to him. Throughout this Order, the Court therefore refers to the "Plaintiff," meaning Xiao Dan Koshar, even though she does attempt to join her husband as a party.

allege poverty "with some particularity, definiteness[,] and certainty." *United States v. McQuade,* 647 F.2d 938, 940 (9th Cir.1981) (internal quotation marks omitted); *see also Jefferson v. United States,* 277 F.2d 723, 725 (9th Cir. 1960).

In Plaintiff's IFP application, she indicates that her husband has earned $7,000.00 a month for the past year, and that in the year prior, Plaintiff earned $5,800 a month. The two pay $1,395.00 towards a mortgage and $1,099.00 towards a rental property, plus utilities, and Plaintiff's husband spends $500.00 a month on food, $200.00 a month on clothing and dry cleaning, and $310.00 a month on transportation—not including motor vehicle payments. (Doc. 11-4.) In total, Plaintiff represents that their monthly expenses are $7,229.00, and adds that she still owes $108,000 on a student loan that she is unable to pay.

Although there is no clear demarcation for qualifying for IFP status, prior cases have used the poverty level set by the United States Department of Health and Human Services as an additional measure for determining whether a plaintiff might properly proceed IFP. *See, e.g.*, *Wade v. Am. Fed. of Gov't Emp.*, No. C 06-4751, 2006 WL 3645610, at *2 (N.D. Cal. Dec. 12, 2006); *Vega v. Weeks Wholesale Rose Grower, Inc.*, No. 1:07-cv-00225-OWW-TAG, 2007 WL 587005, at *2 (E.D. Cal. Feb. 23, 2007); *Lint v. City of Boise*, No. CV09–72–S–EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009). The current federal poverty guidelines for two persons in a household is $17,240. *See* Annual Update of the HHS Poverty Guidelines, https://www.federalregister.gov/ documents2020/01/17/2020-00858/annual-update-of-the-hhs-poverty-guidelines (last visited June 25, 2020). Although Plaintiff indicates that she and her husband have little cash on hand or in a financial institution, and that their monthly expenses exceed their income, she counts more than one residence as an expense, and notes that the couple have two vehicles, in addition to the $310.00 spent per month on transportation apart from payment on a motor vehicle. *See* Chancery Court Internal Operating Procedures, https://courts.delaware.gov/ Chancery/docs/IFPChancery CourtOperatingProcedure.pdf (last visited June 25, 2020) (excluding from the maximum allowable assets in an IFP

evaluation the principle residence and motor vehicles used for transportation). In this case, Plaintiff has not persuaded the Court that she faces the requisite financial hardship to pay the $400 fee plus costs to bring this lawsuit.

Moreover, the Court concludes that Plaintiff has not amended her complaint so as to state a plausible claim that she was not hired because of her age, race, or national origin. To state a plausible claim for unlawful employment discrimination under Title VII of the Civil Rights Act where an employer fails to hire an employee, plaintiff must provide direct evidence suggesting that the employment decision was made based on an impermissible criterion, or meet the four-part *McDonnell Douglas* test for circumstantial evidence. *See EEOC v. Boeing Co.*, 577 F.3d 1044, 1049 (9th Cir. 2009). That four-part test requires Plaintiff to demonstrate that: (1) she belongs to a class of persons protected by Title VII; (2) she applied and was qualified for a job for which the employer was seeking applicants; (3) despite her qualifications, she was rejected; and (4) similarly situated individuals outside her protected class were treated more favorably, or that, after her rejection, the position remained open and the employer continued to seek applicants from persons of Plaintiff's qualifications. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Davis. v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008); *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005).

Although Plaintiff has added additional facts to those already summarized in this Court's previous Order dismissing her complaint without prejudice, (Doc. 9), the newly alleged facts do not plausibly suggest that Plaintiff was rejected under circumstances that give rise to an inference of unlawful discrimination, in part because of the additional, nondiscriminatory reasons proffered in the Amended Complaint and in the original Complaint for why Plaintiff was not offered the position and the absence of allegations which would suggest these proffered reasons were not the actual reasons Raytheon did not extend an offer of employment. Plaintiff alleges other forms of discrimination in her amended complaint, outside of her statutory bases, such as "favoritism" and "unfair treatment," but, unfortunately, not all forms of discrimination, and none of the forms

alleged in the amended complaint, are actionable.

Dismissal with prejudice is appropriate where a litigant repeatedly fails to cure deficiencies and leave to amend would be futile, as well as prejudicial to the opposing parties. *See e.g.*, *U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001); *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008). Plaintiff was given an opportunity to amend her complaint so as to properly state a claim, but failed to do so within the 30 day window granted by the Court. Having twice had the opportunity to assert her claims, and failing to satisfy the standard for proceeding without prepayment of fees, 28 U.S.C. §1915(a)(1), the District Court will dismiss Plaintiff's Complaint with prejudice.

Accordingly,

IT IS ORDERED that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2, 11-4) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Amended Complaint (Docs. 10) is DISMISSED with prejudice.

The Clerk of the Court is directed to close the file in this action.

Dated this 26th day of June, 2020.

_____
Honorable Jennifer G. Zipps
United States District Judge